June, 1810.

WHEAT
v.
GRIFFIN.

---

## WILLIAM WHEAT *against* ALLEN M. GRIFFIN.

4d 419
68   307

WRIT of error.

This was a bill in chancery brought to the superior court by *Griffin* against *Wheat.* The bill stated, that *Benjamin Curtiss* owned land in *Marlborough*, of the value of 600 dollars, which, on the 9th of *October*, 1794, he mortgaged to *Jonathan Bidwell*, for the sum of 48*l.* 10*s.* 11*d.* conditioned for the payment of that sum and interest within one year; that on the 11th of *November*, 1799, he mortgaged the same land to *David Kilborn* for 100 dollars, conditioned for the payment of that sum and interest within 90 days; that on the 22d of *December*, he sold and conveyed all his right and interest in the same land to *John Curtiss;* that on the 5th of *October*, 1802, *Bidwell* sold and conveyed all his right and interest to *John Curtiss;* that on the 6th of *October*, 1802, *John Curtiss* sold and conveyed his right and title to *Wheat*, the respondent; that on the 18th of *November*, 1805,

Where it appeared, on an application in chancery to redeem mortgaged premises, that the mortgage money and betterments, as well as the value of the premises, exceeded 335 dollars, it was held that the superior court had jurisdiction, though the balance due the mortgagee, after deducting rents and profits, fell short of that sum.

*Kilborn* sold and assigned all his right and interest to *Griffin*, the complainant; that from the date of the first mortgage to the bringing of this bill, *Wheat*, and those under whom he claimed, had been in the use and occupation of the premises, taking the whole rents and profits to themselves; and that he was still in possession of the premises, and had all the estate in the same, except the complainant's claim derived from his assignment from *Kilborn*. The prayer of the bill was, that an account of rents, profits and betterments might be taken, and that upon the complainant's paying what should be found due, the respondent should be ordered and decreed to convey to the complainant all the right, title and interest, which he had in the premises, by virtue of the first mortgage. The court, by a committee, found the amount of the first mortgage (viz. that to *Bidwell*) to be     $298 67

Amount of betterments made by *Bidwell* and
    those under him     188 76

Making the sum of     $487 43
That the amount of rents and profits received
    by *Wheat* was     $175

Leaving a balance due *Wheat*, as assignee of
    the first mortgage, of     $312 43
which balance the court found due, and thereupon decreed, that on the complainant's paying the same to the respondent, the latter should convey to the former all right, title and interest which he had in the premises as assignee of the first mortgage, or forfeit and pay the sum of 300 dollars. *Wheat* thereupon brought this writ of error.

The errors assigned were, 1. That the bill and matters therein contained were not within the jurisdiction of, nor cognisable by, the superior court; 2. that the bill was insufficient, and ought to have been dismissed.

*J. T. Peters*, for the plaintiff in error.

*Bradley*, for the defendant in error.

BRAINERD, J. (after stating the case.) The two questions which arise on this record are, whether the bill is sufficient; and whether the subject matter is within the jurisdiction of the superior court.

*Griffin*, the complainant, as assignee, was in the place of *Kilborn*, the second mortgagee. *Wheat*, the respondent, as assignee of *Curtiss*, who was assignee of *Bidwell*, was in the place of *Bidwell*, the first mortgagee. He had also the equity of redemption. The whole estate, except the encumbrance of the second mortgage, was in him. If *Bidwell*, and those who claimed as assignees under him, had made betterments, I apprehend the second mortgagee had no right to redeem without paying for them. They therefore became a subject of addition to the first mortgage. These, when aggregated, exceed the sum of 335 dollars,(a) and of course gives jurisdiction, which could not be taken away by the circumstance of some other claim accidentally operating, in a final result, to reduce the sum. It would not be said that the bill was insufficient for an apparent want of jurisdiction. It was not on that account bad on demurrer.

There is, however, another consideration of some importance. The value of the land is stated to be 600 dollars, the legal title to which was in the complainant, as was also the equity of redemption; and, as stated in the bill, the whole estate was in him, except the encumbrance, which constituted the complainant's claim. Now, whether it be the title to the land, or the amount of interest which the respondent had in it, that is the subject of

(a) By our stat. tit. 42. c. 1. s. 25. it is provided, that the superior court shall have jurisdiction of all suits for relief in equity, wherein the value of the matter or thing in demand exceeds the sum of three hundred and thirty-five dollars. And by the 43d section of the same act, it is provided, that the county courts shall have jurisdiction where the matter or thing in demand does not exceed that sum.

June, 1810.

the bill, and the object of the decree; either is sufficient to give the court jurisdiction.

I am therefore of opinion, that the judgment of the superior court is correct, and that the same ought to be affirmed.

In this opinion the other judges severally concurred.

Judgment affirmed.